State ex rel. Jacobs vs. Assessor.

## No. 9519.

THE STATE EX REL. E. & W. B. JACOBS VS. ASSESSOR ET AL.

Even if private bankers stood upon the same footing as incorporated banks, and were subject to the same rules of assessment as to their capital, and were to be taxed only upon the surplus of their assets over their debts, they could not escape taxation by simply investing a portion of their assets, equivalent to such surplus, in non-taxable United States bonds; but such bonds, though themselves non-taxable, would nevertheless be counted as a part of the assets and as off-setting, to that extent, the liabilities. 29 Ann. 851.

The claim of relators being thus untenable, on their own theory, it is unnecessary to consider the more radical contentions advanced by defendants herein.

APPEAL from the First District Court, Parish of Caddo. Taylor, J.

*Wise & Herndon* for Plaintiffs and Appellants.

*Land & Land*, Attorneys of Police Jury, and *M. S. Crain*, District Attorney, for Defendants and Appellees.

The opinion of the Court was delivered by

FENNER, J. Relators are private bankers in the city of Shreveport, and seek, in this proceeding, to procure reduction of an assessment under which they have been listed on the rolls, under the heading of "Merchandise or stock in trade and in hand employed in their business," in the sum of one hundred and eight thousand dollars.

They present the following statement of their assets and liabilities:

### ASSETS.

| | | |
|---|---:|---:|
| Amounts due by banks | $ 87,272 | 84 |
| Bills receivable | 50,081 | 04 |
| Cash | 101,030 | 34 |
| United States bonds | 134,050 | 34 |
| Amount due bank over drafts | 117,574 | 41 |
| Real estate and bank fixtures | 12,828 | 71 |
| Bremond Railroad certificate | 3,000 | 00 |
| Suspense account | 5,834 | 00 |
| C. G. Thurmond estate | 1,479 | 00 |
| | $512,151 | 93 |

### LIABILITIES.

| | | |
|---|---:|---:|
| Amounts due banks | $ 5,842 | 50 |
| Amounts due certificates of deposits | 42,895 | 17 |
| Amounts due individual depositors | 304,797 | 03 |
| Exchange account | 22,789 | 02 |
| Capital account | 135,628 | 46 |
| Protest papers | 238 | 00 |
| | $512,151 | 93 |

They quote the language of this Court in the case of City vs. Canal Bank, 29 Ann. 851, viz: " The capital of a bank which is subject to taxation, as capital, is made up of the balance of its assets remaining after deducting its debts, that portion of its assets exempt from taxation, and that portion which is taxed under another name than capital," and they say:

" Applying this rule to the instant case the result would be as follows—

| | | |
|---|---:|---:|
| Total assets May 30, 1884 | $512,151 | 93 |
| Less United States bonds | 133,050 | 00 |
| | $379,101 | 93 |
| Total liabilities | 376,285 | 47 |
| Taxable balance | $  2,816 | 46." |

But they entirely ignore the fact that, in the very case quoted, the Court held, in substance, that a bank could not escape taxation by merely investing a portion of its assets, equivalent to their surplus, in non-taxable securities, but that such securities, " though themselves non-taxable, shall be counted, as they are used and designed to be used as assets of the bank for the purpose of off-setting and extinguishing so much of its indebtedness."

Applying this rule, so self-evidently just and reasonable, we find, under relators' own theory of the case, a resultant taxable surplus far exceeding the amount for which they have been assessed.

This dispenses us from considering the much more radical contentions of defendants, to the effect that the assessment here is not of corporate capital and is not subject to the rules governing such assessment; that this is an assessment of property; that relators have no corporate character; that they are mere private merchants, and, as such, are taxable upon all their property without deduction of their debts; and that money received as irregular deposits and appearing as cash on hand or as invested in bills receivable or otherwise, is the property of relators and taxable as such, like any other property.

These are important questions, involving the interests of many, and we prefer to postpone any decision of them until some case is presented necessarily requiring it.

Judgment affirmed.